IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER WYATT | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-306 |
| LOWER SAUCON TOWNSHIP | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                              MAY 15, 2007

Before the Court is defendant's motions to dismiss plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff brought a claim against the defendant Township, her former employer, under 42 U.S.C. Section 1983, alleging that the abrupt termination of her employment violated the Due Process Clause because she was deprived of a property interest without benefit of a hearing.  Because plaintiff did not have a property interest in her employment, defendant's motion to dismiss her complaint is granted.

FACTS[1]

Plaintiff worked as an Administrative Assistant for the defendant Township from August 7, 2006 until September 5, 2006.  (Compl. at 5, 6).  Plaintiff received a performance appraisal on September 1, 2006.  (*Id.* at 11).  On September 5, 2006, Township Manager Jack Cahalan informed plaintiff by letter that she was indefinitely suspended without pay from her position. (*Id.* at 7).  Plaintiff contends that she was never given a detailed explanation for her termination. (*Id.* at 8).

---

[1] Because this matter is before the Court on a motion to dismiss, the Court takes all facts in plaintiff's complaint as true.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Plaintiff acknowledges that she was hired by the Township as a probationary employee. (*Id.* at 9). As described in a letter from the Township upon her hiring, her probationary status would last for ninety days. (Pl.'s Mem. at 4). Plaintiff's performance appraisal and termination took place within that ninety-day period. (Compl. at 10, 11).

## STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows courts to screen out cases "where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." *Port Auth. v. Arcadian Corp.*, 189 F.3d 305, 311-12 (3d Cir. 1999). The Third Circuit Court of Appeals instructs that "the complaint will withstand a Fed. R. Civ. P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery." *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 124-25 (3d Cir. 1998). In deciding a motion to dismiss, a court is required to accept all of the plaintiff's factual allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Thus, a court should grant a motion to dismiss only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). In resolving a motion to dismiss, the court must primarily consider the allegations contained in the complaint, although matters of public record, orders, and exhibits attached to the complaint may also be considered. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

ANALYSIS

As a threshold matter, a plaintiff asserting a procedural due process violation under 42 U.S.C. Section 1983 must claim that a constitutional interest is at stake. *Stana v. Sch. Dist. of Pittsburgh*, 775 F.2d 122, 125 (3d Cir. 1985). In the instant case, plaintiff claims that she had a reasonable expectation of continued employment throughout her ninety-day probationary period, which constituted a "contractual property interest in her employment." (Pl.'s Mem. 1, 2). Plaintiff claims that, as a result, she was entitled to the due process of pre-termination and post-termination hearings in front of the Township Council. (*Id.* at 2).

Whether a plaintiff has "a legitimate entitlement to–and hence a property interest in–his government job is a question answered by state law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). As a general rule, Pennsylvania's public employees are at-will employees subject to removal with or without cause. *Scott v. Philadelphia Parking Auth.*, 492 Pa. 151, 154 (1960). The Third Circuit instructs that "[a] property interest in state employment exists where an employee has a legitimate claim of entitlement to such employment under state law, policy or custom. An employee, however, must have more than an abstract type of unilateral expectation." *Sanguigni v. Pittsburgh Bd. of Pub. Educ.*, 968 F.2d 393, 401 (3d Cir. 1992). Only two types of employment contracts trigger due process rights: those that explicitly forbid termination except for cause, and those that create a relationship of permanence, such as tenure. *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1400 (3d Cir. 1991). For purposes of this case, because plaintiff has not asserted that she had a contract that explicitly forbid her termination without cause or granted her tenure, the Court must resolve whether her status as a probationary employee created a legitimate claim of entitlement to employment for

ninety days.

Other Pennsylvania courts have considered whether contracts that confer probationary status confer due process rights, and have answered no. To define the term probationary, courts have turned to dictionaries: "The very notion of probationary employment sets those employees apart from the others, signaling that they are new, newly transferred or newly promoted and that they must prove themselves in the new position before being considered permanently employed therein." *Olson v. Borough of Avalon*, 811 A.2d 66, 72 (Pa. Commw. 2002) quoting *Upper Makefield Twp. v. Pennsylvania Labor Relations Bd.*, 562 Pa. 113, 117-18 (2000) (citing Black's Law Dictionary and Webster's Third International New Dictionary). Pennsylvania's Supreme Court has held that probationary status does not confer an expectation of employment or a guarantee of due process rights on a public employee: "[a]s this creates a strictly 'at will' relationship between the employer and employee during the probationary period, a probationary employee is not entitled to register a grievance should he or she not be retained past the probationary period." *Upper Makefield Twp.*, 562 Pa. at 118.

In the case at bar, plaintiff concedes that she was a probationary employee of the Township. Her argument that her probationary status conferred a property right for ninety days of employment does not withstand scrutiny in light of Pennsylvania precedents. Rather than conferring rights on a new employee, probationary status separates new employees from established employees who are entitled to due process. Thus, because plaintiff was a probationary employee when her employment was terminated, there is no set of facts under which she would be entitled to relief in her due process action and the case warrants dismissal. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER WYATT | : | |
| Plaintiff | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 07-CV-306 |
| LOWER SAUCON TOWNSHIP | : | |
| Defendant | : | |

## ORDER

AND NOW, this 15th day of May, 2007, it is hereby ORDERED that Defendant's Motion to Dismiss (Document # 4) is GRANTED.  The Clerk of Court is directed to close this case for statistical purposes.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.